CVS CAREMARK v STATE TAX COMMISSION

Docket No. 312119. Submitted June 11, 2014, at Detroit. Decided July 1, 2014, at 9:05 a.m. Leave to appeal sought.

The March Board of Review of the city of Novi classified certain property of CVS Caremark as commercial property for the 2011 tax year. CVS filed an appeal of the classification in the State Tax Commission (STC), contending the property should be classified as industrial property. The STC denied the request to reclassify the property and affirmed the commercial classification. CVS appealed in the Oakland Circuit Court. The circuit court, Daniel P. O'Brien, J., reversed the decision of the STC and entered an order reclassifying the property as industrial property. The STC filed a delayed application for leave to appeal, alleging that the circuit court employed the wrong standard of review. The Court of Appeals granted the application for leave to appeal.

The Court of Appeals *held*:

1. The circuit court employed an appropriate standard of review. The circuit court did not improperly expand the record and its ruling properly took into account only the facts that the STC had found.

2. The review of property classification disputes according to MCL 211.34c(6) does not require a hearing. The plain statutory language contemplates that the STC must arbitrate a property classification dispute only on the basis of written submissions. Judicial review of the STC's classification determinations is limited to whether the determinations are authorized by law.

3. The circuit court erroneously interpreted MCL 211.34c(2)(d)(*ii*) to be applicable in this matter because the relevant language does not apply to property unless the property is used for utility-related functions. CVS failed in its burden to demonstrate that the property should be classified as industrial pursuant to MCL 211.34c(2)(d)(*i*) or (*ii*) because it did not submit evidence establishing how it used the property during the 2011 tax year. The STC properly denied the reclassification. The STC's denial was authorized by law. The circuit court incorrectly applied MCL 211.34c(2)(d)(*ii*) when it reversed the STC's classification ruling.

Reversed.

1. Constitutional Law — Administrative Law — Judicial Review — Hearings.

Judicial review of the evidentiary support for a determination of an administrative agency is not proper when the administrative agency was not required to conduct a hearing when making the determination; judicial review in such cases is not review de novo and is limited in its scope to a determination whether the action of the agency was authorized by law (Const 1963, art 6, § 28).

2. Constitutional Law — Administrative Law — Taxation — Property Classification Disputes.

The procedure stated in MCL 211.34c(6) for the review of property classification disputes does not provide for or require a "hearing" in the constitutional sense; the procedure contemplates that the State Tax Commission must arbitrate a dispute only on the basis of written submissions; judicial review of the commission's classification determinations is limited to whether the determinations are authorized by law (Const 1963, art 6, § 28).

*Honigman Miller Schwartz and Cohn LLP* (by *Michael B. Shapiro* and *Jason Conti*) for CVS Caremark.

*Bill Schuette*, Attorney General, *Aaron D. Lindstrom*, Solicitor General, *Matthew Schneider*, Chief Legal Counsel, and *Matthew B. Hodges*, Assistant Attorney General, for the State Tax Commission.

Before: O'Connell, P.J., and Fitzgerald and Markey, JJ.

Per Curiam. We granted the delayed application for leave to appeal by respondent State Tax Commission (STC) regarding a circuit court order reversing a decision of the STC that denied petitioner's request to reclassify its real and personal property from commercial to industrial for the 2011 tax year. We reverse.

The STC challenges the standard of review the circuit court employed. The STC maintains that because this appeal did not arise from a contested case,

judicial review was limited to ascertaining whether the law authorized the STC's decision. According to the STC, the circuit court erred to the extent that it took into account facts beyond the administrative record in this case. The STC argues that the court should have struck petitioner's appellate brief, which referred to facts not part of the administrative record.

We must begin our review of the circuit court's review of an agency decision by determining whether the circuit court applied correct legal principles. *Monroe v State Employees' Retirement Sys*, 293 Mich App 594, 607-608; 809 NW2d 453 (2011), quoting *Boyd v Civil Serv Comm*, 220 Mich App 226, 234-235; 559 NW2d 342 (1996). The first paragraph of Const 1963, art 6, § 28, delineates the scope of judicial review of agency decisions. It provides, in relevant part:

> All final decisions, findings, rulings and orders of any administrative officer or agency existing under the constitution or by law, which are judicial or quasi-judicial and affect private rights or licenses, shall be subject to direct review by the courts as provided by law. This review shall include, as a minimum, the determination whether such final decisions, findings, rulings and orders are authorized by law; and, in cases in which a hearing is required, whether the same are supported by competent, material and substantial evidence on the whole record.

In *Midland Cogeneration Venture Ltd Partnership v Naftaly*, 489 Mich 83, 91-93; 803 NW2d 674 (2011), our Supreme Court held that an STC classification decision is reviewable under this constitutional provision because it embodies a final, quasi-judicial decision that affects private rights. Because no other review is "provided by law," a property owner may appeal a classification decision by the STC to the circuit court. *Id.* at 97-98, citing MCL 600.631.

Although petitioner has an avenue by which to obtain direct review of the STC's classification of property, the parties dispute the applicable scope of this review. This Court has explained that the proper scope of review depends on whether the STC held a hearing:

> Whether "a hearing is required" is determined by reference to the statute governing the particular agency. Where no hearing is required, it is not proper for the circuit court *or this Court* to review the evidentiary support of an administrative agency's determination. In such cases, [j]udicial review is not de novo and is limited in scope to a determination whether the action of the agency was authorized by law. [*Northwestern Nat'l Cas Co v Comm'r of Ins*, 231 Mich App 483, 488; 586 NW2d 563 (1998) (some quotation marks omitted; citations omitted).]

We conclude that the review procedure in MCL 211.34c(6) does not qualify as a hearing in the constitutional sense. The goal of the judiciary when construing Michigan's Constitution is to identify the original meaning that its ratifiers attributed to the words used in a constitutional provision. *People v Nutt*, 469 Mich 565, 573; 677 NW2d 1 (2004). In performing this task, we employ the rule of common understanding. *In re Burnett Estate*, 300 Mich App 489, 497; 834 NW2d 93 (2013). Under the rule of common understanding, we must apply the meaning that, at the time of ratification, was the most obvious common understanding of the provision, the one that reasonable minds and the great mass of the people themselves would give it. *Adair v Michigan*, 486 Mich 468, 477; 785 NW2d 119 (2010), quoting *Traverse City Sch Dist v Attorney General*, 384 Mich 390, 405; 185 NW2d 9 (1971). "Words should be given their common and most obvious meaning, and consideration of dictionary definitions used at the time of passage for undefined terms can be appropriate." *In re Burnett Estate*, 300 Mich App at 497-498. According

to *Webster's Third New International Dictionary* (1965), the applicable definitions of "hearing" include: "a trial in equity practice"; "a listening to arguments or proofs and arguments in interlocutory proceedings"; "a trial before an administrative tribunal"; and "a session (as of a congressional committee) in which witnesses are heard and testimony is taken." These definitions contemplate an opportunity to present before a tribunal evidence and argument.

The review of property classification disputes afforded in MCL 211.34c(6) does not require a hearing. In pertinent part, MCL 211.34c(6) provides:

> An owner of any assessable property who disputes the classification of that parcel shall notify the assessor and may protest the assigned classification to the March board of review. An owner or assessor may appeal the decision of the March board of review by filing a petition with the state tax commission not later than June 30 in that tax year. *The state tax commission shall arbitrate the petition based on the written petition and the written recommendations of the assessor and the state tax commission staff.* [Emphasis added.]

The plain statutory language contemplates that the STC must arbitrate a property classification dispute only on the basis of written submissions. Consequently, judicial review of the STC's classification determinations is limited to whether they "are authorized by law." Const 1963, art 6, § 28.

> [I]n plain English, authorized by law means allowed, permitted, or empowered by law. Black's Law Dictionary (5th ed). Therefore, it seems clear that an agency's decision that is in violation of statute [or constitution], in excess of the statutory authority or jurisdiction of the agency, made upon unlawful procedures resulting in material prejudice, or is arbitrary and capricious, is a

decision that is *not* authorized by law. [*Northwestern Nat'l Cas Co*, 231 Mich App at 488 (quotation marks and citation omitted).]

We conclude that the circuit court employed an appropriate standard of review. Although the circuit court entertained some hypothetical arguments concerning whether the scope of petitioner's activities might qualify as either commercial or industrial under MCL 211.34c, the court did not make any findings on the basis of the hypothetical arguments. The court's ruling properly took into account only the STC's determinations that no manufacturing or processing took place on petitioner's property, but that some warehousing did. Because the circuit court's ultimate ruling took into account only the facts that the STC found concerning the absence of manufacturing or processing and the presence of a warehouse on petitioner's property, the court did not improperly expand the record.[1]

---

[1] Petitioner suggests that if a more restrictive proceeding exists under which taxpayers may challenge STC classification decisions in MCL 211.34c(6), the existence of a broader avenue for Department of Treasury appeals of classification decisions in MCL 211.34c(7) violates petitioner's right to due process and equal protection. Subsection (7) envisions that "[t]he department of treasury may appeal the classification of any assessable property to the residential and small claims division of the Michigan tax tribunal . . . ." However, the Legislature might reasonably have wanted to provide the state a more expansive review procedure to enhance the state's ability to ensure that all Michigan property is classified properly for taxation purposes and to protect the income that the state derives from its tax base. *Crego v Coleman*, 463 Mich 248, 259-260; 615 NW2d 218 (2000) ("Under rational-basis review [of equal protection claims], courts will uphold legislation as long as that legislation is rationally related to a legitimate government purpose. To prevail under this highly deferential standard of review, a challenger must show that the legislation is arbitrary and wholly unrelated in a rational way to the objective of the statute. A classification reviewed on this basis passes constitutional muster if the legislative judgment is supported by any set of facts,

The STC also asserts that the circuit court misconstrued MCL 211.34c(2)(d)(*ii*) when it concluded that petitioner's property qualifies as industrial property. This Court reviews de novo issues of statutory interpretation underlying an administrative body's ruling. *Wexford Med Group v City of Cadillac*, 474 Mich 192, 202; 713 NW2d 734 (2006).

> When faced with questions of statutory interpretation, our obligation is to discern and give effect to the Legislature's intent as expressed in the words of the statute. We give the words of a statute their plain and ordinary meaning, looking outside the statute to ascertain the Legislature's intent only if the statutory language is ambiguous. Where the language is unambiguous, we presume that the Legislature intended the meaning clearly expressed—no further judicial construction is required or permitted, and the statute must be enforced as written. Similarly, courts may not speculate about an unstated purpose where the unambiguous text plainly reflects the intent of the Legislature. [*Pohutski v City of Allen Park*, 465 Mich 675, 683; 641 NW2d 219 (2002) (quotation marks and citations omitted).]

MCL 211.34c(1) requires local assessors to annually "classify every item of assessable property according to the definitions contained in this section." The pertinent definitions appear in MCL 211.34c(2), which provides, in relevant part:

> (b) Commercial real property includes the following:
>
> (*i*) Platted or unplatted parcels used for commercial purposes, whether wholesale, retail, or service, with or without buildings.
>
> (*ii*) Parcels used by fraternal societies.
>
> (*iii*) Parcels used as golf courses, boat clubs, ski areas, or apartment buildings with more than 4 units.

either known or which could reasonably be assumed, even if such facts may be debatable.") (quotation marks and citations omitted).

(*iv*) For taxes levied after December 31, 2002, buildings on leased land used for commercial purposes.

\*  \*  \*

(d) Industrial real property includes the following:

(*i*) Platted or unplatted parcels used for manufacturing and processing purposes, with or without buildings.

(*ii*) Parcels used for utilities sites for generating plants, pumping stations, switches, substations, compressing stations, warehouses, rights-of-way, flowage land, and storage areas.

(*iii*) Parcels used for removal or processing of gravel, stone, or mineral ores.

(*iv*) For taxes levied after December 31, 2002, buildings on leased land used for industrial purposes.

(*v*) For taxes levied after December 31, 2002, buildings on leased land for utility purposes.

The circuit court concluded that because petitioner's property contained a warehouse, it qualified as industrial real property under MCL 211.34c(2)(d)(*ii*). The court accepted petitioner's argument that it had to construe the term "warehouses" in subsection (2)(d)(*ii*) in petitioner's favor in accordance with the proposition that ambiguities in tax statutes should be construed in the taxpayer's favor. We find nothing ambiguous in the language of subsection (2)(d)(*ii*). By its plain terms, the subsection defines as "Industrial real property" parcels utilized for a variety of utility-site-related purposes, including warehousing. We conclude that the circuit court incorrectly interpreted the language in subsection (2)(d)(*ii*), which does not apply unless petitioner's property is used for utility-related functions.

Although MCL 211.34c(6) does not expressly say so, petitioner had the burden to prove that the assessor improperly classified its property as commercial. See

*Baker v Costello*, 300 Mich 686, 689; 2 NW2d 881 (1942) (applying the general rule that the burden of proof lies with the proponent of an allegation). Because petitioner did not submit with its reclassification petitions documentary evidence establishing in what manner it used the property during the 2011 tax year, petitioner failed in its burden to demonstrate that the property should be classified as industrial pursuant to MCL 211.34c(2)(d)(*i*) or (*ii*). And because petitioner did not substantiate the manner in which it used the property during the 2011 tax year, the STC properly denied the reclassification petition. For purposes of petitioner's appeal in the circuit court, we find that the STC's denial of the petition was authorized by law; therefore, the circuit court incorrectly applied MCL 211.34c(2)(d)(*ii*) when it reversed the STC's classification ruling.

We reverse.

O'CONNELL, P.J., and FITZGERALD and MARKEY, JJ., concurred.