# STATE OF MICHIGAN

# COURT OF APPEALS

PETER D. O'CONNELL,

   Plaintiff-Appellant,

v

DIRECTOR OF ELECTIONS, BUREAU OF
ELECTIONS, and DEPARTMENT OF STATE,

   Defendants-Appellees.

FOR PUBLICATION
August 25, 2016
9:20 a.m.

No. 334365
Court of Claims
LC No. 16-000038-MB

Before: GLEICHER, P.J., and METER and MURRAY, JJ.

PER CURIAM.

This action tests whether Judge Peter D. O'Connell, a judge of the Michigan Court of Appeals whose six-year term of office expires on January 1, 2019, may run as an incumbent for a Court of Appeals position with a term commencing on January 1, 2017. Judge Michael Gadola's name will appear on the November 2016 ballot as the incumbent running for this seat. Judge O'Connell posits that he, too, is "an incumbent judge of the Court of Appeals." He asserts that this status entitles him to enjoy two privileges of incumbency: access to the ballot by filing an affidavit of candidacy rather than petition signatures, and the ballot designation of "Judge of the Court of Appeals."

The controlling constitutional provision permits a judge of the Court of Appeals to run for "*the* office of which he is *the* incumbent" by filing an affidavit of candidacy. Const 1963, art 6, § 22 (emphasis added). We interpret the Michigan Constitution in the light of the common understanding of its terms, which we locate in the plain meaning of the text at the time of ratification. *UAW v Green*, 498 Mich 282, 286-287; 870 NW2d 867 (2015). The definite article "the" has consistently denoted a specific, particular thing. In this case, "the" makes all the difference.

Our Constitution links the term "incumbent" to a definite and specific office. The office for which Judge O'Connell seeks to run as an incumbent is now held by Judge Gadola. Judge O'Connell is not "the incumbent" for "the office" held by Judge Gadola. We affirm the Court of Claims, which reached the same conclusion.

In November 2012, the people of the Fourth District of the Court of Appeals reelected Judge Peter D. O'Connell to serve a six-year term of office. Judge O'Connell was first elected to the Court of Appeals in 1994 for a six-year term of office. He successfully ran for reelection as an incumbent in 2000, 2006, and 2012. His current term is set to expire on January 1, 2019. Judge O'Connell is prohibited from running for reelection in the November 2018 general election, as he then will have attained the age of 70 years. Const 1963, art 6, § 19(3).

Governor Rick Snyder appointed Michael Gadola to the Court of Appeals in January 2015 to fill the vacancy created when Judge William C. Whitbeck retired. Judge Whitbeck's six-year term of office would have expired on January 1, 2017. 308 Mich App vii. Judge O'Connell concedes that Judge Gadola may run as an incumbent for that 2017-2023 term of office. Judge O'Connell seeks to run as an incumbent for the very same term of office, thereby avoiding the age-bar applicable to the term of office to which he was repeatedly elected.

In February 2016, Judge O'Connell submitted an affidavit of candidacy for reelection as an incumbent judge of the Court of Appeals, Fourth District. He did not attempt to gather petition signatures, as is required of nonincumbents running for Court of Appeals positions. MCL 168.409(b)(1). Judge Gadola filed an affidavit of candidacy for reelection as an incumbent judge for the same position. The Director of Elections promptly rejected Judge O'Connell's affidavit. Judge O'Connell then sought an order of mandamus in the Court of Claims, averring that the director had a clear legal duty to place his name on the ballot as an incumbent.

Court of Claims Judge Cynthia Diane Stephens denied Judge O'Connell's complaint for mandamus in a written opinion issued on August 16, 2016. Drawing on the language of Const 1963, art 6, §§ 9, 22, 23 and 24, Judge Stephens concluded that Judge O'Connell failed to establish that he was an "incumbent." [1] Without having filed nominating petitions, Judge

---

[1] 1963 Const, art 6, § 22 states:

> Any judge of the court of appeals, circuit court or probate court may become a candidate in the primary election for the office of which he is the incumbent by filing an affidavit of candidacy in the form and manner prescribed by law.

1963 Const, art 6, § 23 provides in relevant part:

> A vacancy shall occur in the office of judge of any court of record or in the district court by death, removal, resignation or vacating of the office, and such vacancy shall be filled by appointment by the governor. The person appointed by the governor shall hold office until 12 noon of the first day of January next succeeding the first general election held after the vacancy occurs, at which election a successor shall be elected for the remainder of the unexpired term. Whenever a new office of judge in a court of record, or the district court, is created by law, it shall be filled by election as provided by law.

Stephens ruled, Judge O'Connell was not entitled to placement on the regular election ballot. Judge Stephens elaborated:

> The starting point for the Court's analysis is the Constitution's employment of the term "incumbent" and the common meaning of that term. As Plaintiff admits, the term "incumbent" "is linked to" to [sic] an office under the pertinent constitutional provisions. But it is not linked to *any* office. In discussing incumbency, both art 6, § 22 and art 6, § 24 link the term to a particular office. See art 6, § 22 (referring to "the office"); and art 6, § 24 (referring to "the same office."). Indeed, it is well established that "the" is a definite article that is generally recognized as having a "specifying or particularizing effect, as opposed to the indefinite or generalized force of the definite article a or an[.]" *Robinson v City of Lansing*, 486 Mich 1, 14; 782 NW2d 171 (2010) (citations and quotation marks omitted). Because the Constitution refers to "the office" and "the same office," the Court "must determine to which specific or particular office the Constitution refers. See *id*.

Judge Stephens emphasized that the Constitutional text makes "clear that each judicial office has its own particular term and that such a term is to be understood as being separate and distinct from the terms of other judicial offices in a given district." This means that the Fourth District of the Court of Appeals consists of "seven separate judicial offices in the Fourth District, one of which is occupied by" Judge O'Connell. Judge Stephens buttressed her conclusion by citing Const 1963, art 6, § 9, which provides:

> Judges of the court of appeals shall hold office for a term of six years and until their successors are elected and qualified. The term of office for the judges in each district shall be arranged by law to provide that not all terms will expire at the same time.

Harmonizing this language with the other pertinent constitutional provisions, Judge Stephens reasoned that each office of a judge of the Court of Appeals is confined to a six-year term. Thus, a judge's incumbency status is tethered to a "particular or specific" office with an expressed temporal limit. The arrangement of the terms of office to avoid their fully-concurrent expiration further persuaded Judge Stephens that the framers intended "that the terms of each office are to be separate and distinct from one another." Art 6, § 9 thereby directs "that each judge serves a term with defined temporal limits and which is separate and distinct from the terms served by his or her colleagues" and having "its own temporal parameters."

Judge Stephens then turned to the common meaning of the word "incumbent" as used in our Constitution, finding it linked to an office subject to a specific term:

---

1963 Const, art 6, § 24 provides:

There shall be printed upon the ballot under the name of each incumbent justice or judge who is a candidate for nomination or election to the same office the designation of that office.

-3-

"The office" or "the same office" of which Plaintiff is an incumbent is inescapably tied to the particular term he is serving. Indeed, the Framers' choice of the word "office" instead of "court" in the pertinent constitutional provisions indicates the intent of the Framers to tie incumbency status to a particular, individualized term, rather than the general role as "judge." The juxtaposition of the definite article "the" with "office" and "same office" associates the judge's incumbency status with reelection to his or her own office, distinguished from other judges' offices not having the same beginning and end dates. Accordingly, the word "incumbent" as it is used in the pertinent constitutional provisions refers to a judge running for reelection to a term consecutive to his or her own term—i.e., the term of office the judge is presently serving—and not to a judge vying for an office occupied by another judge.

Judge Stephens soundly rejected Judge O'Connell's argument that as a generically-"incumbent" judge he is also "the" incumbent for the seat currently occupied by Judge Gadola. The term of office applicable to Judge Gadola's seat, Judge Stephens explained, is different and distinct from that of the office to which Judge O'Connell was elected. Judge O'Connell is not "the incumbent" as to the former. Judge Stephens summed up:

> Here, the office Plaintiff occupies gives him legal authority to exercise the powers of a Court of Appeals judge for a specified period. When he was elected to serve in this office, he was not elected to serve as a judge on the Court of Appeals for any timeframe he chose. Rather, the voters in the Fourth District elected Plaintiff to a term expiring in 2019. Hence, the office Plaintiff holds is that of a Court of Appeals judge in the Fourth District for a specified period of time, i.e., the term to which he was originally elected. Accordingly, the only office for which Plaintiff is the incumbent is a judge on the Michigan Court of Appeals, Fourth District, with a term expiring in 2019.

Because Judge O'Connell failed to establish the requirements for mandamus, the Court of Claims denied the writ.

II

We review for an abuse of discretion a trial court's decision to deny a writ of mandamus. *Coalition for a Safer Detroit v Detroit City Clerk*, 295 Mich App 362, 367; 820 NW2d 208 (2012). However, the first two elements required for issuance of a writ of mandamus—that defendants have a clear legal duty to perform and the plaintiffs have a clear legal right to performance of the requested act—are subject to de novo consideration as questions of law. *Id*. Likewise, this Court reviews constitutional questions de novo. *In re AMAC*, 269 Mich App 533, 536; 711 NW2d 426 (2006).

"Mandamus is an extraordinary remedy. . . ." *Univ Med Affiliates, PC v Wayne Co Executive*, 142 Mich App 135, 142; 369 NW2d 277 (1985). Thus, the issuance of this writ is proper only where (1) the party seeking the writ "has a clear, legal right to performance of the specific duty sought," (2) the defendant has the clear legal duty to perform the act requested, (3) "the act is ministerial," and (4) no other remedy exists, legal or equitable, "that might achieve the

-4-

same result." *Rental Props Owners Ass'n of Kent Co v Kent Co Treasurer*, 308 Mich App 498, 518; 866 NW2d 817 (2014). "Within the meaning of the rule of mandamus, a 'clear, legal right' is one 'clearly founded in, or granted by, law; a right which is inferable as a matter of law from uncontroverted facts regardless of the difficulty of the legal question to be decided." *Univ Med Affiliates*, 142 Mich App at 143; see also *Rental Props Owners Ass'n of Kent Co*, 308 Mich App at 518-519.

Whether Judge O'Connell has a "clear, legal right" to the performance of the duty sought and whether defendants have a corresponding "clear legal duty" to perform depend on whether Judge O'Connell is entitled to appear on the ballot as an "incumbent" in his bid for election to the office currently held by Judge Gadola. Several provisions within article VI of the Michigan Constitution resolve this question. When construing the Constitution, we focus on the will of the people who ratified it. *Adair v Michigan*, 497 Mich 89, 101; 860 NW2d 93 (2014). "In performing this task, we employ the rule of common understanding." *CVS Caremark v State Tax Comm*, 306 Mich App 58, 61; 856 NW2d 79 (2014). "Under the rule of common understanding, we must apply the meaning that, at the time of ratification, was the most obvious common understanding of the provision, the one that reasonable minds and the great mass of the people themselves would give it." *Id*. We give the operative words "their common and most obvious meaning . . . ." *In re Burnett Estate*, 300 Mich App 489, 497-498; 834 NW2d 93 (2013). "Further, every provision must be interpreted in the light of the document as a whole, and no provision should be construed to nullify or impair another." *Lapeer Co Clerk v Lapeer Circuit Court*, 469 Mich 146, 156; 665 NW2d 452 (2003). The interpretation of a constitutional provision takes account of the purpose sought to be accomplished by the provision. *Adair*, 497 Mich at 102.

III

In this appeal, Judge O'Connell embellishes the arguments he advanced in the Court of Claims with a prophecy that if upheld, the Court of Claims' decision will effectively invalidate the oath of office for all 27 current judges on the Court of Appeals, "wreak[ing] foul havoc" by "jeopardizing in one fell swoop all decisions made by those same 27 Court of Appeals Judges (and their predecessors)," as none "validly filed what the court of claims now insists would be the requisite oath of office identifying the position assumed by reference to its specific start and end dates." The concept of "term" simply has no application to the implementation of §§ 22 and 24 or the common understanding of the word "office," Judge O'Connell urges. Incumbency is a status, he claims, and not a position harnessed to a fixed time period. "If Judge Gadola is the only incumbent judge of the Court of Appeals, then the other 26 people exercising the powers of that office must be imposters, including Judge O'Connell and Judge Stephens," he importunes. Finally, Judge O'Connell asserts that the Court of Claims' analysis of "the" as "the definite article" contravenes the principle of *reduction ad absurbum*, especially where the phrase "each incumbent justice or judge" means that there can be more than one.

Judge O'Connell's old and new arguments boil down to this: every judge on the Fourth District of the Michigan Court of Appeals is an incumbent of "the same office." Article 6, §§ 22 and 24 make no mention of a judge's "term of office," and so that term may not be imported into their interpretation and application.

We reject Judge O'Connell's unrestrained interpretation of "incumbent" as encompassing each and every Court of Appeals judge elected from the same district. Article 6, § 22 contemplates that only certain judges are entitled to run as incumbents, not the entire field of sitting judges: "Any judge of the court of appeals . . . may become a candidate in *the* primary election for *the* office of which he is *the* incumbent by filing an affidavit of candidacy. . . ." (Emphasis added.) The plain language of § 22, the constitutional provision creating an incumbent judge's gateway to the ballot, contravenes Judge O'Connell's arguments.

Const 1963, art 6, § 22 permits an incumbent judge to become a candidate in the primary election by filing an affidavit of candidacy, rather than nominating petitions:

> Any judge of the court of appeals, circuit court or probate court may become a candidate in the primary election for the office of which he is the incumbent by filing an affidavit of candidacy in the form and manner prescribed by law.

Const 1963, art 6, § 24 requires that a judge who is seeking reelection "to the same office" he or she currently holds be designated as "Judge of the Court of Appeals" on the ballot.

The Court of Claims correctly concluded that these two provisions inextricably link the term "incumbent" to a particular office. "The" is a definite article that generally has a "specifying or particularizing effect . . . ." *Robinson v City of Lansing*, 486 Mich 1, 14; 782 NW2d 171 (2010). Judge O'Connell invites us to discard this aspect of *Robinson*. "In a constitution, as in a statute," Judge O'Connell insists, MCL 8.3b instructs that "the singular includes the plural and vice versa." But MCL 8.3b is a permissive tool of statutory interpretation, not a cudgel of construction. *Robinson*, 486 Mich at 14, n 13. Our Constitution employs the phrases "*the* office" and "*the* same office" in a context that encompasses several other provisions which when read together confirm that the Framers meant "the" in its traditional, singular sense when they drafted § 22.

Art 6, § 22 establishes the initial criteria for incumbency status as a judge of the Court of Appeals. By referring to "the office of which he is the incumbent," § 22 could not be plainer. With respect to the election scheduled for November 1, 2016, one judge is the incumbent for that judge's office. Judge Gadola enjoys that status as to the term of office following the expiration of the term to which he was appointed; Judge O'Connell does not. Our analysis could stop here, as we find the language of § 22 abundantly clear. We reject Judge O'Connell's warning of dire consequences stemming from the oath of office required for judges of the Court of Appeals; Constitution 1963, art 11, § 1 dictates the oath's content. And although § 22 effectively negates the balance of Judge O'Connell's arguments, other constitutional provisions also inform our holding.

As did the Court of Claims, we look first to art 6, § 9, which sets forth a six-year term of office for "the judges in each district," which are "arranged by law to provide that not all terms will expire at the same time." This deliberate staggering of the terms of Court of Appeals judges conveys that the seats on this Court are not akin to those at a picnic table or a game of musical chairs, indistinct and interchangeable. Rather, by defining and regulating "the terms of office"

for the judges of this Court, the Framers intended that judicial offices would be segregated and distinguished by distinct terms of office.

Art 6, § 24 reinforces that the incumbency label applies singularly to a candidate "for . . . election to the same office" and designates "that office." Read in conjunction with § 22, these provisions compel the literal and common-sense conclusion that the judge holding a judicial office defined by a certain term assigned solely to that office is the incumbent for election to that office. Moreover, because "[i]t is axiomatic that two persons cannot occupy the same office at the same time," *Goodman v Clerk of Circuit Court for Prince George's Co*, 291 Md 325, 329; 435 A2d 422 (Ct App, 1981), it is impossible for two judges to serve in the same term of office for which only one was originally elected. This axiom was undoubtedly known to the drafters of our Constitution, as it reflects the teaching of Professor Mechem in his treatise on Public Officers: "[I]t is 'evident that two different persons cannot, at the same time, be in the actual occupation and exercise of an office for which one incumbent only is provided by law.' " *Tooele Co v De La Mare*, 90 Utah 46, 58-59; 59 P2d 1155 (1936), quoting Mechem, Public Officers, § 322, p 216; see also *Oakland Paving Co v Donovan*, 19 Cal App 488, 494; 126 P 388 (1912), *Stowers v Blackburn*, 141 W Va 328, 343; 90 SE2d 277 (1955).

Finally, we observe that yet another constitutional provision, art 6, § 23, supports our holding. This section provides that when a judicial vacancy occurs, the governor shall fill it. "The person appointed by the governor shall hold office until 12 noon of the first day of January next succeeding the first general election held after the vacancy occurs, at which election a successor shall be elected for the remainder of the unexpired term." This reference to a particular ("the unexpired") term refutes Judge O'Connell's claim that terms of office are fungible. Not only does this section refer to the office in relation to a specific term, but in conjunction with art 6, §§ 22 and 24, it clearly provides that the appointee who decides to seek election to the unexpired term - like Judge Gadola - would be *the* incumbent judge for that term of office. Section 23 continues: "[w]henever a new office of judge in a court of record, or the district court, is created by law, it shall be filled by election as provided by law." The Court of Appeals is a court of record. MCL 600.301. The phrase "a new office of judge in a court of record" clearly references the addition of a judicial office to an existing bench of a court of record. "A new office of a judge" evidences the ratifiers' intent to tie the term "office" to a particular, individualized judicial seat, rather than to a generalized class of elected officeholders. The plain meaning of § 23 accords with our view that incumbency status is reserved for the judge running for reelection to a term consecutive to his or her own term. Here, the sole judge meeting that criterion is Judge Gadola.

We affirm the Court of Claims.

/s/ Elizabeth L. Gleicher
/s/ Patrick M. Meter
/s/ Christopher M. Murray