*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

---

MARGOSIVILI MUHMAD AHMADOVIC,

      Plaintiff/Counterdefendant-Appellee,

v

GORAN PETKOVIC,

      Defendant/Counterplaintiff-Appellant.

UNPUBLISHED
April 21, 2026
2:03 PM

No. 369928
Oakland Circuit Court
LC No. 2019-173595-CK

---

MARGOSIVILI MUHAMAD AHMADOVIC,

      Plaintiff/Counterdefendant-Appellant,

v

GORAN PETKOVIC,

      Defendant/Counterplaintiff-Appellee.

No. 370355
Oakland Circuit Court
LC No. 2019-173595-CK

---

Before: GADOLA, C.J., and MURRAY and M. J. KELLY, JJ.

PER CURIAM.

These consolidated appeals arise from the same case involving plaintiff's attempt to have a foreign judgment domesticated under Michigan's Uniform Foreign-Country Money Judgments Recognition Act (UFCMJRA), MCL 691.1131 *et seq.* In Docket No. 369928, defendant appeals as of right the trial court's final order domesticating a Serbian judgment. In Docket No. 370355, plaintiff appeals as of right the trial court's postjudgment order, granting defendant's motion for relief from judgment and ruling that the domesticated judgment could not be enforced to include any Serbian postjudgment interest. For the reasons provided below, we affirm in Docket No. 369928 and reverse in Docket No. 370355.

-1-

# I. BASIC FACTS

Defendant and plaintiff had business dealings in Serbia. Defendant acknowledged that he voluntarily signed a November 15, 2007 loan agreement with plaintiff. Subsequently, plaintiff successfully sued defendant in Serbia for a breach of that loan agreement, resulting in a Serbian judgment in the amount of $924,442.11, plus interest. Plaintiff filed the instant case in the Oakland Circuit Court, seeking domestication of the Serbian judgment pursuant to the UFCMJRA.[1] Approximately three months later, plaintiff's lawyer moved to withdraw, which the court granted.

A few months later, defendant moved for summary disposition under MCR 2.116(C)(8) and (10).[2] Defendant served the amended motion on plaintiff by mailing a copy of the motion to plaintiff's purported address in Moscow, Russia. The trial court ordered that plaintiff's response was due by January 2, 2020. On January 6, 2020, without receiving any response from plaintiff, the court granted defendant's motion for summary disposition based upon plaintiff's failure to rebut defendant's claims of there being no genuine issue of material fact.

Plaintiff, with his new lawyer, moved for relief from judgment, arguing that there were problems with the service of the motion for summary disposition. The trial court agreed and granted his motion. The court also permitted plaintiff to file an amended complaint. Plaintiff timely filed an amended complaint. As relevant to this appeal, the complaint raised a claim for the domestication of the Serbian judgment under the UFCMJRA. Before trial, the court ordered the parties to address whether there was a right to a jury trial. At the ensuing hearing, the court determined that there was no right to a jury trial. The court rejected defendant's argument that plaintiff had brought a claim for damages. Rather, the court determined that the question at issue was whether it "should domesticate the foreign judgment or not under the [UFCMJRA]." Given its ruling, the court asked defendant's lawyer if he was requesting an evidentiary hearing, and defendant's lawyer replied that he was. The court noted that the statute has multiple sections dealing with the burden of proof. The court cited MCL 691.1133(3), which states, "A party seeking recognition of a foreign-country judgment has the burden of establishing that this act applies to the foreign-country judgment." The court noted that it was obvious that plaintiff was the party "who is seeking to domesticate the judgment. And as I understand it, *there's no dispute that the act applies to the judgment*. So I don't think that's an issue. So I think certainly in that regard, plaintiff has met its burden under that specific section." (Emphasis added.) Defendant's lawyer did not voice any opposition to this proposition. Later in the hearing, the court addressed defendant's lawyer, stating that it was under the impression that, although defendant was raising statutory defenses to the domestication of the judgment, he was not contesting that the act applies to the judgment. Defendant's lawyer agreed.

---

[1] Defendant counterclaimed, raising numerous claims, but those claims were ultimately dismissed and are not germane to this appeal.

[2] Defendant served the motion on plaintiff's prior lawyer, who filed a "response" noting that he was no longer representing plaintiff, that he would not be appearing at the motion hearing, and that he had forwarded any notices of hearings to plaintiff. Afterward, defendant filed an amended motion for summary disposition, listing plaintiff as representing himself.

The court recognized that under MCL 691.1134(4), a party resisting recognition of the foreign-country judgment has the burden of establishing that a statutory ground for nonrecognition exists. The court concluded:

So I think the posture of this case is in. And the circumstances, what we have is defendant is resisting recognition of the judgment.

Therefore, defendant would have the burden of establishing that a ground for nonrecognition exist[s] under [MCL 691.1134(2) or (3)].

So I think ultimately defendant -- for purposes of a hearing, defendant would have the burden of establishing the grounds for nonrecognition.

Therefore, defendant would go first, present whatever you want to present. And then, certainly, plaintiff would present whatever plaintiff wants to present.

At the subsequent bench trial defendant sought to establish that the judgment should not be recognized under MCL 691.1134 (2)(a) and (3)(b), (c), (g) and (h). As relevant to this appeal, the key fact introduced at the trial is that defendant did not testify at the Serbian proceeding. Defendant and his lawyer from the Serbian trial both testified that the Serbian trial court denied defendant's request to testify at that trial. However, defendant's lawyer in this case conceded that he did not have any evidence of the reason why the request was denied.

During closing argument, in addition to arguing that the statutory exceptions for domestication applied, defendant's lawyer contended that, although a judgment indeed was entered in the Serbian proceedings, the judgment was never admitted into evidence, which was fatal to plaintiff's claim. He further asserted that if the judgment were to be domesticated, then no interest should be included because plaintiff had presented no evidence of what the proper interest calculation was.

In its opinion, the court rejected defendant's argument that dismissal of the action was warranted on the basis of no judgment ever being presented. The court found that defendant had continually acknowledged the judgment during the proceedings and had even stipulated to its admission into evidence. The court then addressed the four statutory provisions defendant maintained were grounds for not domesticating the judgment. As relevant to this appeal, the court found that MCL 691.1134(3)(h), which addresses situations when the foreign proceeding was not compatible with the requirements of due process, did not preclude domestication of the judgment. Finally, the court recognized that there is no dispute that the Serbian judgment awarded interest. However, it also determined that no evidence was produced regarding the amount of interest owed or any law presented such that the court could determine interest on its own. Consequently, it declined to award interest. Thereafter, the court entered an order stating that the Serbian judgment was "domesticated and enforceable in Michigan under the [UFCMJRA]." On defendant's motion for clarification, the court entered an order clarifying that the Serbian judgment is only enforceable in the principal amount of $924,442.11 and specifically excludes any Serbian interest.

## II. DEFENDANT'S APPEAL—DOCKET NO. 369928

### A. STANDARDS OF REVIEW

This Court reviews a trial court's findings of fact in a bench trial for clear error and its conclusions of law de novo. *Chelsea Investment Group LLC v City of Chelsea*, 288 Mich App 239, 250; 792 NW2d 781 (2010). But any discretionary decisions of the trial court are reviewed for an abuse of discretion. *Phillips v Deihm*, 213 Mich App 389, 394; 541 NW2d 566 (1995). A court abuses its discretion when it selects an outcome falling outside the range of reasonable and principled outcomes. *Barnett v Hidalgo*, 478 Mich 151, 158; 732 NW2d 472 (2007). To the extent this issue involves the proper construction and application of a statute, this Court reviews those questions de novo. *Stumbo v Roe*, 332 Mich App 479, 484; 957 NW2d 830 (2020). We review a trial court's decision on a motion for relief from judgment or order for an abuse of discretion. *Peterson v Auto Owners Ins Co*, 274 Mich App 407, 412; 733 NW2d 413 (2007). "Whether a court has subject-matter jurisdiction is a question of law subject to review de novo." *Usitalo v Landon*, 299 Mich App 222, 228; 829 NW2d 359 (2012).

### B. ANALYSIS

### 1. GROUNDS FOR NONRECOGNITION

Defendant first contends that the trial court erred by ruling that his failure to be allowed to testify at the Serbian trial was not a ground to decline recognition of the Serbian judgment under MCL 691.1134(3)(h). We disagree.

MCL 691.1134(3)(h) provides:

> (1) Except as otherwise provided in subsections (2) and (3),[3] a court of this state shall recognize a foreign-country judgment to which this act applies.

> * * *

> (3) A court of this state need not recognize a foreign-country judgment if any of the following apply:

> * * *

> (h) The specific proceeding in the foreign court leading to the judgment was not compatible with the requirements of due process of law.

The burden of proof is on the party seeking to establish that an exception to recognition applies. MCL 691.1134(4).

---

[3] Although defendant relied on several provisions of subsections (2) and (3) in the trial court, he only argues on appeal that subsection (3)(h) is a basis for reversal. Thus, only that particular subsection will be discussed.

-4-

If a ground under subsection (3) is established, then a court can exercise its discretion to not recognize the foreign judgment. See MCL 691.1134(3) ("A court of this state need not recognize a foreign-country judgment . . . ."). This is different than when a ground exists under subsection (2), which leaves the court no discretion. See MCL 691.1134(2) ("A court of this state shall not recognize a foreign-county judgment . . . ."); see also *Allianz Suisse Versichergungs-Gesellschaft v Miller*, 24 F Supp 3d 670, 675-676 (WD Mich, 2014) ("The grounds set forth in subsection (2) mandate nonrecognition, while the grounds set forth in subsection (3) are discretionary.").[4] Thus, because defendant is asserting that the trial court should have declined to domesticate the Serbian judgment under MCL 691.1134(3)(h), that ultimate decision is reviewed for an abuse of discretion. See *Phillips*, 213 Mich App at 394.

Federal courts have described the process due under the Uniform Foreign-Money Judgments Recognition Act as an "international concept of due process," which is distinguishable from "the complex concept that that emerged from American case law." *Allianz Suisse*, 24 F Supp 3d at 679, quoting *Society of Lloyd's v Ashenden*, 233 F3d 473, 477 (CA 7, 2000). In short, the foreign procedures do not have to be identical to ours; they need only be compatible such that they do not offend the notion of basic fairness. *Society of Lloyd's v Reinhart*, 402 F3d 982, 994 (CA 10, 2005). Indeed, because the act is a *uniform* act, it is not intended "to reflect the idiosyncratic jurisprudence of a particular state." *Ashenden*, 233 F3d at 476-477; see also MCL 691.1140 ("In applying and construing this uniform act, a court shall consider the need to promote uniformity of the law with respect to its subject matter among states that enact it.").

Defendant, while arguing that the Serbian proceeding was not compatible with the requirements of due process, relies solely upon the fact that he was allegedly denied the opportunity to testify at that proceeding. However, defendant admitted that he had no evidence of why the Serbian court denied his request to testify. Defendant claims that this lack of a reason on the record is adequate to show that he was denied due process. We disagree. There are many acceptable reasons why a court may preclude a party from testifying. Indeed, defendant in his brief on appeal effectively concedes this principle by acknowledging that the mere fact that a defendant was not permitted to testify is not enough to deny recognition of the judgment. Moreover, the burden to prove the existence of a reason for nonrecognition was with defendant. MCL 691.1134(4). Defendant's concession of a lack of evidence for *why* he was denied the opportunity to testify—when it is conceivable there was a valid reason for the denial—means that he failed to meet that burden. Further, as recognized by the trial court, despite not being able to testify in the Serbian proceeding, defendant had notice of the proceeding, had an opportunity to be heard, was represented by a lawyer of his choosing at all times during that proceeding, and his lawyer was able to cross-examine plaintiff.

In light of the above, the trial court did not abuse its discretion when it determined that nonrecognition under MCL 691.1134(3)(h) was not appropriate.

---

[4] "Caselaw from sister states and federal courts is not binding precedent but may be relied on for its persuasive value." *Haydaw v Farm Bureau Ins Co*, 332 Mich App 719, 726 n 5; 957 NW2d 858 (2020).

## 2. ADMISSION OR AUTHENTICITY OF FOREIGN JUDGMENT

Defendant next argues that reversal is required because plaintiff did not prove the existence of an authenticated foreign judgment. We disagree. Under the UFCMJRA, "[a] party seeking recognition of a foreign-country judgment has the burden of establishing that this act applies to the foreign-county judgment." MCL 691.1133(3). The statute provides:

> (1) Except as otherwise provided in subsection (2),[5] this act applies to a foreign-country judgment to the extent that both of the following apply:
>
> (a) The judgment grants or denies recovery of a sum of money.
>
> (b) Under the law of the foreign country where rendered, the judgment is final, conclusive, and enforceable. [MCL 691.1133.]

Defendant first challenged the existence of an authentic judgment during his closing argument when he asserted that plaintiff failed to meet his evidentiary burden. The trial court concluded that defendant waived the issue through his conduct. We agree. Defendant acknowledged before trial that plaintiff had met his burden under the statute. That burden includes proving that "[*t*]*he* judgment grants or denies recovery of a sum of money and that "*the* judgment is final, conclusive, and enforceable." MCL 691.1133(3) (emphasis added). The use of the definite article "the" indicates a particular judgment and not just any judgment. See *O'Connell v Director of Elections*, 317 Mich App 82, 93-94; 894 NW2d 113 (2016) (noting that "the" has a "specifying or particularizing effect"). Notably, defendant never qualified his concession as applying to some unknown and unproduced judgment and never stated that his concession was subject to plaintiff producing a judgment at trial. As a result, with defendant conceding that plaintiff met his burden under the statute, plaintiff was absolved from producing evidence on that matter. This was evidenced by the trial court's and the parties' acceptances that defendant bore the burden of proof at trial for establishing a ground to not recognize the judgment and would present his evidence first.

Moreover, even assuming there was no waiver by defendant, the trial court did not clearly err by finding that Exhibit 7 at trial was a valid judgment under the UFCMJRA.[6] Under MCL 691.1133(3), a valid judgment is one that grants or denies recovery of a sum of money and where, under the law of the foreign country where rendered, the judgment is final, conclusive, and enforceable. Exhibit 7 uses as its primary heading the word "JUDGEMENT," and it provides that defendant owes a set amount of money to plaintiff. Not only is this judgment certified on the front page as being a "final" decision, but it was subject to appeal and the amount owed to plaintiff was affirmed, with that appellate decision also being admitted into evidence. Defendant fails to adequately explain why this document does not qualify as a judgment under the UFCMJRA. Consequently, we are not left with a definite and firm conviction that the trial court made a mistake.

---

[5] There is no contention that any exception under subsection (2) applies.

[6] Exhibit 7 was issued by the Serbian trial court.

### 3. RELIEF FROM JUDGMENT DUE TO IMPROPER SERVICE

At the outset, we address plaintiff's argument that this Court lacks jurisdiction to hear this part of defendant's appeal. Plaintiff asserts that defendant cannot challenge the trial court's decision to grant plaintiff relief from judgment or order because defendant never filed a timely appeal of right for that order. Plaintiff's argument is misplaced. MCR 7.203(A) governs appeals of right and provides:

> The court has jurisdiction of an appeal of right filed by an aggrieved party from the following:
>
> (1) A final judgment or final order of the circuit court, or court of claims, as defined in MCR 7.202(6) . . . .

MCR 7.202(6)(a)(i), in turn, defines a "final judgment" or "final order" in a civil case, as including "the first judgment or order that disposes of all the claims and adjudicates the rights and liability of all the parties, including such an order entered after reversal of an earlier final judgment or order."

There is no dispute that defendant perfected an appeal of right by filing a claim of appeal in this Court within 21 days of the trial court's final order. Having successfully filed an appeal of right of that order, defendant was free to challenge any ruling from that order, as well as any previous orders. *Green v Ziegelman*, 282 Mich App 292, 302 n 6; 767 NW2d 660 (2009). Accordingly, we have jurisdiction to consider defendant's challenge to the order that granted plaintiff relief from judgment.

Defendant argues that the trial court erred when it granted plaintiff relief from judgment. In the proceedings before the trial court, plaintiff moved for relief from judgment under MCR 2.612(C)(1)(a) or (f), which provide:

> (1) On motion and on just terms, the court may relieve a party or the legal representative of a party from a final judgment, order, or proceeding on the following grounds:
>
> (a) Mistake, inadvertence, surprise, or excusable neglect.
>
> * * *
>
> (f) Any other reason justifying relief from the operation of the judgment.

Plaintiff asserted that after his prior lawyer withdrew, he had not been properly served with any of the court's orders, which was the reason why he never filed a response to defendant's amended motion for summary disposition. The record shows that defendant served the amended motion for summary disposition on defendant by mailing a copy of the motion to plaintiff, using an address that did not include the building number and zip code associated with that address. Plaintiff stated that he never received the mailing and that without the building number and the zip code, the mail would be undeliverable. The trial court agreed that there were problems with service and granted plaintiff's motion for relief from judgment.

-7-

The pertinent ground for relief is MCR 2.612(C)(1)(a) because the underlying situation involves a "mistake," "inadvertence," or possibly "excusable neglect." Relief under MCR 2.612(C)(1)(a) generally is to be granted only "when the circumstances are extraordinary and the failure to grant the relief would result in substantial injustice." *Gillispie v Bd of Tenant Affairs of Detroit Housing Comm*, 145 Mich App 424, 428; 377 NW2d 864 (1985). Because of the errors contained in the address used to serve plaintiff, the trial court did not abuse its discretion by finding the circumstances extraordinary and that the failure to grant plaintiff relief would result in substantial injustice.

Defendant seems to base his position primarily upon the fact that the address he used to serve plaintiff was "the same address [plaintiff] gave to his former attorney." While defendant did use the same address plaintiff's former attorney used to send the order allowing prior counsel to withdraw, there is no evidence that this is the address plaintiff instructed his former counsel to use. Accordingly, defendant's position is not supported by the record.

### III. PLAINTIFF'S APPEAL—DOCKET NO. 370355

Plaintiff argues that the trial court erred when it ruled that he was barred from enforcing the interest portion of the Serbian judgment. We agree.

In its opinion, the trial court ruled, with respect to interest:

There can be no dispute that the Serbian Judgment in this matter awarded [plaintiff] interest. There was no evidence presented regarding the amount of interest owed or any law presented such that this Court could determine interest. Accordingly, the Court will not determine any interest as requested by [plaintiff]. In addition, [plaintiff's] request to "appoint a special master to determine interest" is denied as there was no authority presented to the court authorizing such an appointment. This Court has no obligation to find case law or make any arguments to support a party's position.

Thereafter, the court granted defendant's motion, holding that the judgment is "domesticated and enforceable in the amount of $924,4442.11 and specifically excludes Serbian Judgment Interest as provided in the Serbian Judgment."[7]

The trial court based its ruling on its view that plaintiff in this case involving "the domestication of a foreign judgment" had the burden to prove how much interest was being sought. However, no authority has been cited for that proposition. Here, the trial court repeatedly acknowledged that this case was for the *domestication* of a foreign judgment and not the

---

[7] Although the motion sought relief from judgment under MCR 2.612, the court treated the motion as being brought under MCR 2.611(A)(2).

*enforcement* of that judgment.[8]    Therefore, defendant's arguments that plaintiff was simultaneously seeking enforcement of the judgment through the common law is without merit.

Moreover, a review of the UFCMJRA shows that there is no requirement for a plaintiff to establish an interest calculation or amount in order to domesticate a foreign judgment. Before trial, the parties and the trial court agreed that plaintiff had met his evidentiary burden under MCL 691.1133. Importantly, this requirement focuses on establishing the existence and validity of the foreign-country judgment itself, not on proving the precise calculation of interest. Because of the parties' stipulations, there was no evidentiary burden for plaintiff during the bench trial. Rather, the trial's sole purpose was to determine if any of the grounds for nonrecognition of the Serbian judgment existed under MCL 691.1134. Defendant had the burden to prove that such a ground existed, which is the reason why defendant went first in presenting the proofs at trial. On this record, the trial court erred to the extent it ruled that plaintiff had an evidentiary burden to establish an interest amount or calculation.[9]

## IV.  CONCLUSION

In Docket No. 369928, we affirm. In Docket No. 370355, we reverse the trial court's preclusion of interest on the Serbian judgment. Plaintiff, as the prevailing party in both appeals, may tax costs. MCR 7.219(A).

/s/ Michael F. Gadola
/s/ Christopher M. Murray
/s/ Michael J. Kelly

---

[8] This Court has stated that the UFCMJRA "only serves the purpose of providing a court with a means to recognize a foreign money judgment" and it does not establish the procedure to file or enforce a foreign judgment. *Electrolines, Inc v Prudential Assurance Co, Ltd*, 260 Mich App 144, 156; 677 NW2d 874 (2003).

[9] We do not hold that any interest or any particular amount of interest is recoverable by plaintiff. Instead, any such determinations are premature because they are not pertinent to recognizing a foreign judgment. We offer no opinion on whether interest is owed and if interest is owed, how it is to be calculated. Those are questions to be addressed and resolved during any subsequent enforcement proceeding.